IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY, an Ohio corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 22-cv-3188 |
| VICKI MOORE as Independent Administrator of the Estate of SEAN B. RICHIE, *Deceased*, et al. | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff National Interstate Insurance Company's Motion for Reconsideration Pursuant to FRCP 54 and 59 (d/e 61); Defendants Vicki Moore, as Independent Administrator of the Estate of Sean Richie, Deceased, and Next-of-Kin, J.R., a Minor, by and through his Parent and Next of Friend, Erin Elmore Thompson's Response (d/e 62); and Plaintiff's Reply (d/e 65). Plaintiff's Motion (d/e 61) is GRANTED in part and DENIED in part.

On October 3, 2024, Plaintiff filed a Motion for Reconsideration of this Court's Order on Motion for Summary

Page **1** of **7**

Judgment (d/e 61). On October 31, 2024, Defendants filed their response alleging that Plaintiff failed to identify newly discovered evidence, a change in law, or manifest error in compliance with the applicable standard for a Motion for Reconsideration (d/e 62, p. 5). Plaintiff replied on November 7, 2024 (d/e 65).

> I. **Plaintiff's Motion to Reconsider is Granted as it Pertains to There Being No Issue of Material Fact as to Whether Defendant Frazier is Covered Under the Excess Policy Provision**

Plaintiff first argues that this Court erred by failing to find that Plaintiff National Interstate's Excess Policy excludes coverage to rentees, does not violate public policy, and thus, does not provide coverage to Defendant LaDeja Frazier (d/e 61, p. 3). In the Excess Policy, the Named Insured is US Choice Auto Rental System, and the Additional Insured is Urgent Rent A Car LLC (d/e 52, Exh. 14, p. 5). The Excess Policy states that "[t]he word 'insured' means any person or organization qualifying as such under the 'controlling underlying insurance'" (id. at p. 10). The "underlying insurance" refers to Plaintiff National Interstate's insurance policy regarding Business Auto Coverage.

As stated in this Court's Order and Opinion, "the plain language of the insurance policy provides coverage to the 'Insured,' 'Named Insured,' and 'Rentee,' that is, Defendants US Choice, Urgent Rent-A-Car, and [Tatiyana] Rambo, respectively" (d/e 59, p. 15). There is a genuine dispute of material fact as to whether Defendant Frazier is an "insured" under Plaintiff National Interstate's insurance policy—specifically as a person driving the insured vehicle with the express or implied permission of rentee Defendant Rambo through an omnibus permissive user clause to be read into Plaintiff National Interstate's insurance policy under Illinois public policy and Illinois law (see id. at pp. 15-16).

However, the Excess Policy explicitly states that it "does not apply to…[t]he rentee or any ultimate net loss, claim, occurrence, accident, loss, damage or liability imposed upon such rentee when such ultimate net loss, claim, occurrence, accident, loss, damages or liability arises out of the use, possession, or control of a covered auto by such a rentee" (d/e 52, Exh. 14, p. 7). This provision contains the only references to a "rentee" in the Excess Policy. The Excess Policy then states that "[t]he insurance provided under this Coverage Part will follow the same provisions, exclusions and

limitations that are contained in the applicable 'controlling underlying insurance', <u>unless otherwise directed by this insurance</u>." (d/e 52, Exh. 14, p. 10) (emphasis added).

Therefore, if Defendant Frazier <u>were</u> an "insured" as a person driving the insured vehicle with the express or implied permission of rentee Defendant Rambo, the Express Policy would expressly exclude both rentee Defendant Rambo <u>and</u> rentee-authorized user Defendant Frazier from coverage. Conversely, if Defendant Frazier were <u>not</u> an "insured" as a person driving the insured vehicle with the express or implied permission of "rentee" Defendant Rambo, Defendant Frazier would still not be covered by the Excess Policy. Defendant Frazier is not a Named Insured or Additional Insured, and neither party argues that Defendant Frazier is an "insured" under Plaintiff National Interstate's insurance policy as a person driving the insured vehicle with the express or implied permission of Named Insured US Choice Auto Rental System or Additional Insured Urgent Rent A Car LLC.

In <u>State Farm Mutual Automobile Insurance Company v. Universal Underwriters Group</u>, 695 N.E.2d 848, 850 (Ill. 1998), the Illinois Supreme Court held that the Illinois Vehicle Code,

specifically at 625 ILCS 7-601(a)(1) and 625 ILCS 7-317, requires vehicles to be covered by an omnibus provision. Here, the Pontiac G6 in this case would already be subject to the omnibus provision that this Court read into the Primary Policy. Thus, there is no need under public policy to read the omnibus provision into the Express Policy as well. Therefore, Plaintiff's Motion for Reconsideration (d/e 61) is granted as it relates to whether the Excess Policy provides coverage to Defendant Frazier.

**II. Plaintiff's Motion to Reconsider is Denied as it Pertains to the Deliberate Crime Exclusion**

Plaintiff also argues that this Court erred by finding there is a question of fact regarding the interpretation and application of the Deliberate Crime Exclusion (d/e 61, p. 8). Specifically, Plaintiff argues that the National Interstate Deliberate Crimes or Deliberate Illegal Acts exclusion contains no provision or requirement of deliberate or intended harm (id. at p. 13).

However, that fact does not impact the Court's finding in its Order and Opinion (d/e 59) that since "deliberate" and "intentional" are functionally synonyms, although Plaintiff National Interstate's insurance policy uses the word "deliberate" in its exclusionary

clause, the clause operates as an intentional act exclusion (see id. at p. 35). Furthermore, this Court already considered Country Mutual Insurance Company v. Dahms, 2016 IL App (1st) 141392, and did not find it controlling in this case, and Plaintiff's arguments do not raise newly discovered evidence, a change in law, or manifest error by the Court.

Therefore, Plaintiff National Interstate's motion for reconsideration is denied as it relates to the Deliberate Crime Exclusion in the insurance policy.

### III. Plaintiff's Request for Certification of its Order for Interlocutory Appeal is Denied

Plaintiff requests that this Court certify its order for interlocutory appeal on the grounds that there is substantial ground for difference of opinion on a controlling question of law and it will materially advance the litigation's ultimate termination consistent with 28 U.S.C. § 1292 (d/e 61, p. 14).

"The construction of an insurance policy is a question of law," Menard, Inc. v. Country Preferred Ins. Co., 2013 IL App (3d) 120340, and there may well be a "clear difference of opinion regarding the application of the National Interstate Primary Policy

and Excess Policy" as Plaintiff asserts (d/e 65, p. 5). However, the remaining contested issue is not the construction of an insurance policy, but whether Defendant Frazier committed a deliberate crime to exclude her from Plaintiff National Interstate's insurance policy (d/e 59). Thus, Plaintiff's request for certification of its order for interlocutory appeal is denied.

## CONCLUSION

For these reasons, Plaintiff's Motion for Reconsideration (d/e 61) is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**
**ENTERED: February 4, 2025.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**